**KEYSTONE CAB SERVICE, INC., Petitioner**

**v.**

**PENNSYLVANIA PUBLIC UTILITY COMMISSION, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Sept. 11, 2012.

Decided Oct. 1, 2012.

Craig A. Doll, Hummelstown, for petitioner.

Heidi L. Wushinske, Assistant Counsel, Harrisburg, for respondent.

BEFORE: PELLEGRINI, President Judge, and COHN JUBELIRER, Judge, and FRIEDMAN, Senior Judge.

OPINION BY Senior Judge FRIEDMAN.

Keystone Cab Service, Inc. (Keystone) petitions for review of the May 19, 2011, order of the Pennsylvania Public Utility Commission (PUC), which denied Keystone's petition for appeal. We affirm.

On January 3, 2011, Keystone requested a waiver of the eight-year age limit for twelve of its vehicles pursuant to the regulation at 52 Pa.Code § 29.314(d).[1] Keystone averred that all twelve vehicles had current state inspection stickers and were registered and covered by insurance at PUC-mandated levels. With its request, Keystone submitted photos and maintenance records for each vehicle.

After reviewing Keystone's documentation, the PUC's Bureau of Transportation Safety (Bureau) approved nine of the twelve vehicles for inspection. By letter dated January 7, 2011, the Bureau denied Keystone's request for inspections of the remaining three vehicles, each of which was between ten and eleven years old and had more than 300,000 miles. The Bureau also found that Keystone failed to establish any hardship that would justify keeping those vehicles in service.[2]

Keystone timely appealed to the PUC, asking it to reverse the Bureau's determination and permit inspections of the three vehicles at issue. By opinion and order dated May 19, 2011, the PUC denied Keystone's request. The PUC explained:

[Keystone] claims that failure to permit inspection of the three vehicles may result in the unemployment of six individual drivers [because] each vehicle is utilized for two shifts per day. We note

1. The regulation provides:

Unless otherwise permitted by the [PUC], a vehicle may not be operated in call and demand service which is more than 8 model years old. For example, the last day on which a 1996 model year vehicle may be operated in taxi service is December 31, 2004. This provision is effective after August 6, 2007.
52 Pa.Code § 29.314(d).

2. In its denial letter, the Bureau reminded Keystone that "no vehicle more than eight (8) model years old may be used in public utility service without having obtained a waiver certificate from the [PUC]." (Bureau's Ltr. to Keystone, 1/7/11, at 2.) It then explained, "Beyond the discrepancies noted, Keystone has not established hardship to justify expanding the already significant number of vehicles eligible for waiver of the [PUC's] 8–year limitation." (Id.)

that [the Bureau's] review, as well as our review, of the Hardship Request Form submitted for the exemptions never mentioned unemployment concerns. Nevertheless, in light of the high mileage and maintenance costs associated with the three vehicles, we are concerned that the safety of the drivers, as well [as Keystone's] patrons, may be jeopardized if these vehicles were permitted to continue in operation. Keystone now petitions for review of that decision.[3] (PUC's Op., 5/19/11, at 8.)

Keystone argues that the PUC's eight-year age limit on vehicles exceeds its statutory authority. In particular, Keystone claims that the PUC is not authorized to determine whether a vehicle is safe for use merely by reviewing information regarding the vehicle's age, the odometer reading, and the cost of repairs made to the vehicle. Keystone argues that the determination of whether a vehicle is worth the annual maintenance cost when compared to the purchase of a new vehicle is an economic decision to be made by the utility, not by the PUC. We disagree.

■ The PUC acted well within its statutory authority when it adopted the eight-year age limit on vehicles. Section 501 of the Public Utility Code (Code) gives the PUC broad authority to enforce the Code, to supervise public utilities doing business in Pennsylvania, and to promulgate regulations as may be necessary to perform these duties. 66 Pa.C.S. § 501. Section 1501 of the Code requires every public utility to "maintain adequate, efficient,

safe, and reasonable service and facilities" and to "make all such repairs, changes, alterations, substitutions, extensions, and improvements in or to such service and facilities as shall be necessary or proper for the accommodation, convenience, and safety of its patrons, employees, and the public." 66 Pa.C.S. § 1501. In enacting the regulation regarding vehicle age, the PUC carefully considered comments from the industry during the rulemaking process and also considered the waiver procedures proposed by the Bureau, finding them to be reasonable.[4]

■ Moreover, contrary to Keystone's assertion, the mere fact that a decision impacts a utility financially does not render it an economic decision reserved exclusively to utility management. Many of the PUC's regulations impose some sort of involuntary cost on a utility, such as requiring taxicabs to have meters and dome lights at the utility's expense. Compliance with the PUC's regulations often costs a utility money. Here, the PUC was merely following its legislative mandate to adopt regulations that ensure a safe and reliable fleet of taxicabs for public use.

■ Keystone also asserts that the legislature has delegated the authority to determine whether a privately owned vehicle is safe to the Pennsylvania Department of Transportation (DOT), whose inspection procedure requires physical inspection of the vehicle. However, the fact that DOT is authorized to regulate privately owned vehicles for safety does not strip the PUC

3. Our scope of review of a decision of the PUC is limited to determining whether constitutional rights were violated, whether an error of law was committed, or whether the PUC's findings and conclusions were supported by substantial evidence. *Pennsylvania Electric Company v. Pennsylvania Public Utility Commission*, 53 Pa.Cmwlth. 186, 417 A.2d 819, 820 n. 2 (1980).

4. The PUC points out that other jurisdictions have similar age-based limits on taxicabs, such as the City of Philadelphia with an eight-year age limit and the City of New York with a five-year age limit.

of its authority to regulate vehicles used for taxicab service. *See Harrisburg Taxicab & Baggage Company v. Pennsylvania Public Utility Commission,* 786 A.2d 288, 292 (Pa.Cmwlth.2001) (recognizing that the overlapping authority between DOT and the PUC "does not divest the PUC of its statutory authority or duty"). There is no support for Keystone's assertion that the PUC cannot impose stricter safety standards for vehicles used in public taxicab service than DOT imposes on private vehicles. In fact, the stated purpose of DOT's inspection requirements "is to establish *minimum* standards for vehicle equipment[,] the performance of which is related to vehicle safety, noise control and air quality...." Section 4101 of the Vehicle Code, 75 Pa.C.S. § 4101 (emphasis added).

 Next, Keystone argues that the PUC's decision not to inspect the three vehicles at issue is unsupported by substantial evidence. Specifically, Keystone claims that the record lacks research studies or expert opinion evidence demonstrating that older vehicles with high mileage are less safe. We disagree. The PUC was not required to obtain an expert opinion on the effects of vehicle age on safety and reliability. An expert opinion is required only for matters that cannot be determined by practical experience or common sense. Such evidence was not necessary to show that an older vehicle with high mileage is less reliable than a newer vehicle with lower mileage. The correlation between a vehicle's age and mileage and its reliability and safety is a matter of common experience.[5]

We conclude that the PUC properly denied Keystone's request to inspect three over-age vehicles due to the PUC's legitimate concerns for safety in light of the vehicles' high mileage and maintenance costs. Accordingly, we affirm.

### ORDER

AND NOW, this 1st day of October, 2012, we hereby affirm the May 19, 2011, order of the Pennsylvania Public Utility Commission.

---

**5.** Keystone argues in its brief that: (1) of the nine vehicles that were approved for inspection, three were eleven years old and one was twelve years old; and (2) a nine-year-old vehicle with 325,317 miles was inspected while a vehicle with 308,693 miles was not. (Keystone's Br. at 14.) However, the PUC based its refusal to inspect the three vehicles not only on the vehicles' mileage and age, but also on their annual maintenance costs, which ranged from $1,000 to $9,694.